1                    UNITED STATES BANKRUPTCY COURT

2                    WESTERN DISTRICT OF WASHINGTON

3                            AT SEATTLE

4

5

   _____
6                                  )
   In re:                          )
7                                  )
   Aleksandar P. Radulovic,        )      Case No. 04-24771
8                                  )
                    Debtor.        )
9  _____

10               TRANSCRIPT OF DIGITAL PROCEEDINGS

11           BEFORE THE HONORABLE SAMUEL J. STEINER

12                        MARCH 18, 2005
   _____
13

14
                          RULING ONLY
15

16

17

18

19

20

21

22

23

24

25   Transcribed from digital recording by: Shari L. Ahearn, CCR

```
 1                        APPEARANCES

 2

 3

 4

 5     For the Debtor:          MR. JEROME SHULKIN
                                Attorney at Law
 6                              2101 Fourth Avenue, Suite 200
                                Seattle, WA  98121
 7                              (206) 623-3515

 8
       For the Chapter 7
 9     Trustee:                 MR. JAMES F. RIGBY
                                Attorney at Law
10                              600 Stewart Street, Suite 1908
                                Seattle, WA  98101
11                              (206) 441-0826

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                SEATTLE, WASHINGTON; MARCH 18, 2005

2

3                        RULING ONLY

4

5              TRANSCRIPT OF DIGITAL RECORDING

6                        --oo0oo--

7         THE COURT:  Well, we spent quite a bit of time

8         on this, and I do have some rather lengthy notes.

9              To start with, as I understand these facts, the

10        debtor filed this Chapter 7 case on November 17,

11        2004.  He scheduled, under "Other Personal

12        Property," the sum of $11,756.16 and described the

13        money as trust funds for, first, an exemption of

14        $3,615; and, second, for the employment of Shulkin

15        Hutton for postfiling defense and/or for the trustee

16        as the Court may direct.

17             On Schedule C the debtor did in fact exempt the

18        $3,615.  The balance of the funds was listed as his

19        interest in the funds as an executory contract with

20        Shulkin Hutton.  On the form required for the

21        disclosure of compensation, there is this statement:

22        "By agreement with the debtor, the above disclosed

23        fee does not include the following services."

24             Out of the trust funds deposited with Shulkin

25        Hutton, there is a reserve for defense, if
```

1              necessary, on behalf of the debtor relating to

2              discharge or disputes.  And as I understand it,

3              postfiling, there is a discharge or dischargeability

4              suit that has been brought against this debtor.

5                   In the present motion the trustee is seeking a

6              turnover of the $8,150.16.  That is the non-exempt

7              portion of the funds presently held in his

8              attorney's trust account.  I'm not going to get into

9              the positions taken by the parties.

10                  From the briefing, it appears that there are

11             two precedents which bear on the problem.  First,

12             there is my unreported opinion in the 1995 case of

13             Coleman Associates Limited Partnership and the

14             reported ruling of Judge Overstreet in the 2003 case

15             of Advanced Imaging Technologies, Inc., which is

16             cited as 306 BR 677.

17                  In Advanced Imaging Judge Overstreet held that

18             the debtor's attorneys had a prepetition security

19             interest in the retainer funds which had been

20             perfected under state law.  In the Coleman

21             Associates case, I concluded that under state law,

22             the attorney's possessory lien in the client's funds

23             is limited by Washington Rule of Professional

24             Conduct 1.14(b)(4), which requires an attorney to

25             deliver any funds in his or her possession which the

1          client is entitled to receive to the client on the

2          client's demand.

3               Based on that, I concluded that the extent of

4          the attorney's lien was therefore measured by the

5          amount of compensation owed by the client at any

6          given time.  I also concluded that the attorneys

7          held no prepetition lien because the debtor owed no

8          fees on the petition date.

9               At this time, I conclude that my analysis in

10         the Coleman case was correct; that it applies here;

11         and that it disposes of the argument that there was

12         a perfected prepetition security interest in the

13         funds for services to be rendered in the future.

14              Now, in his brief, the trustee points out

15         another interesting -- what I think is a controlling

16         factor; namely, that in both Coleman and Advanced

17         Imaging, those cases began as Chapter 11s in which

18         the debtors' attorneys had obtained an order

19         approving their employment.

20              In those cases, the issues involved in the

21         retainer arose in the context of applications to

22         approve and pay fees for postpetition services which

23         had actually been rendered.  The difference in the

24         cases is that in Coleman, the attorneys disclosed

25         the retainer in their application for approval of

1    employment and the order approving the employment

2    was entered ex parte and did not reference the

3    retainer.

4         In Advance Imaging, the order authorizing

5    employment specifically references the retainer and

6    was obtained after notice to creditors.

7         I think this case is different.  This one

8    started out as a Chapter 7, not as an 11, and has

9    remained a 7.  There is no order in this case

10   authorizing the employment of counsel for the debtor

11   which deals with a retainer; nor was the retainer

12   agreement approved by the Court.

13        I don't believe there are any reported cases

14   which have dealt with retainers for fees in a case

15   filed under Chapter 7.  I think it would be very

16   unusual for a Court to enter an order authorizing

17   the employment of an attorney for the debtor in a

18   Chapter 7.

19        Further, I conclude the fact that the retainer

20   was disclosed here is not the equivalent of a Court

21   order approving a security interest in property of

22   the estate after notice to creditors.

23        I conclude that under these facts, an attempt

24   to create a postfiling security interest in the

25   funds is a technical violation of the automatic

1          stay.

2                  In short, for the reasons indicated, the

3          trustee's motion for a turnover will be granted.

4                  I'll leave it up to you, Mr. Rigby, to prepare

5          and present an order.  And I also want a transcript

6          of these oral remarks made for the record.

7                  MR. RIGBY:  Do I need to do any --

8                  THE COURT:  You have to prepare and present an

9          order.

10                 MR. RIGBY:  I know.  But with respect to the

11         transcript, we don't have a court reporter here.

12         Before when you ordered that, it would have

13         happened.  Do I need to do anything to make that

14         happen now?

15                 THE COURT:  The expert is shaking her head no.

16                 MR. RIGBY:  Okay.  The boss is -- (inaudible).

17                 MR. SHULKIN:  Your Honor, may I address the

18         Court a moment?

19                 THE COURT:  Yeah.

20                 MR. SHULKIN:  I think there's a little

21         confusion here.  It was never intended that the

22         debtor would seek an order to be retained by the

23         debtor for these services.  That's something that is

24         not normally done, and it wasn't intended here.

25         This is principally a trust relationship where a

1       retainer was paid.  The agreement between the

2       parties, in effect, establishes that it's held in

3       trust subject to the review by the Court.

4           So it's really not a security interest, and

5       it's certainly not a violation of 362.  It presents

6       an interesting fact that probably, given the

7       circumstances, involving the size of it, it may or

8       may not require review.  But it seems to me that

9       this is a rather crucial issue which has more

10      bearing than just this local situation.

11          Also, it appears to me that the funds require

12      that -- or rather the situation requires that this

13      man does not have a home that he owns.  He's turned

14      over all of the stock that he had to the trustee.

15      He's facing an ex-wife who has a history of

16      prolonged litigation which he has to defend

17      against.  He has a good job, but it's a very limited

18      job in the software industry.

19          So, in effect, this ruling actually deprives

20      him of a principal means of defending a very serious

21      discharge issue.  And this man has particularly been

22      totally honest with the Court, totally identified

23      all of the assets.  And to characterize it as a

24      security interest, I think is wrong.  I think it has

25      to be looked at as a trust interest with full

```
1          disclosure.

2              Thank you.

3              THE COURT:  Okay.  You're going to do an order?

4              MR. RIGBY:  I'll prepare the order and either

5      note it or circulate it, Your Honor.

6              Thank you.

7              THE COURT:  Okay.  You're welcome.

8

9                  (THE PROCEEDINGS IN THIS MATTER WERE

10                  CONCLUDED.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      C E R T I F I C A T E

 2

 3        I, Shari L. Ahearn, hereby certify that:

 4

 5             the foregoing pages represent an accurate and

 6             complete transcription, to the best of my ability,

 7             from the digitally recorded proceedings before

 8             The Honorable U.S. Bankruptcy Judge presiding in

 9             the aforementioned matter; and

10

11             that these pages constitute the original or a

12             true copy of the transcript of the digitally

13             recorded proceedings.

14

15

16        Signed and dated this 19th day of April, 2005.

17

18

19

20

21

22
                          by:  /s/ Shari L. Ahearn
23                             Certified Court Reporter
                               CCR# 2396
24

25
```